**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**KELLER FORD, INC., Respondent.**

**No. 03–1653.**

United States Court of Appeals, Sixth Circuit.

June 24, 2003.

Before: BOGGS and GILMAN, Circuit

Judges; and DOWD, District Judge.*

## CONSENT JUDGMENT

This cause was submitted upon the application of the National Labor Relations Board (the "Board") for the enforcement of a certain order on consent issued by the Board against the respondent, Keller Ford, Inc., its officers, agents, successors, and assigns, on March 12, 2003, in Board Case No. 7–CA–43269, and upon the transcript of the record in that proceeding, certified and filed in this court enforcing the order.

The respondent has filed a response in which it states it has complied with the notice posting requirements of the Board's order and that it has paid two of the four required payments. Although it does not raise any specific defenses to the Board's application, it defers to this court's judgment the issue of whether "enforcement would be appropriate or necessary at this time given the passage of time and more importantly, compliance to date as described above."

We conclude the respondent's acts have no effect upon the Board's application. The fact that a respondent has complied in part or whole with a Board decision and order does not foreclose enforcement by this court. *See NLRB v. Edgar Spring, Inc.,* 800 F.2d 595, 598 (6th Cir.1986) (per curiam).

It therefore is ORDERED and ADJUDGED that the Board's order be, and the same is hereby enforced. The respondent, Keller Ford, Inc., its officers, agents, successors, and assigns, shall take the following affirmative action which the Board finds will effectuate the policies of the National Labor Relations Act (the "Act"), as amended:

(a) Post the Notice to Employees as ordered by the Board and attached hereto as an Appendix. Copies of the Notice will be forwarded to the respondent by Region Seven of the Board after Board approval of the Stipulation.

(b) Make whole Bryan Knapp for the losses he suffered by payment to him of $100,000.00 as set forth in paragraph (c) below.

(c) Respondent will make whole the charging party by payment to him of $100,000.00 in four installment payments. Each installment payment shall be in the total amount of $25,000.00. Of each total payment, $22,500.00 shall constitute backpay and $2500.00 shall be considered as interest. The four payments will be due in the Regional Office in the Seventh Region of the Board (1) 14 days from the date of this order; (2) 60 days after that date; (3) February 10, 2004; and (4) February 10, 2005.

(d) From each payment respondent agrees to make normal payroll deductions for federal income tax, state income tax, city income tax, if any, and social security taxes from the backpay portion of each payment. Respondent agrees to make its matching F.I.C.A. contribution. A list showing the deductions will accompany each check. Respondent agrees not to make any deductions for tax purposes from the interest portion due.

(e) If any installment other the final installment is not paid on or before its due date, the full unpaid balance shall become immediately due and payable and the Board may, without further notice, institute proceedings against the respondent

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

674

for the collection of the full indebtedness remaining due, with additional interest due on the entire unpaid balance from the date of default until full payment is received, computed in accordance with the formula set forth in *New Horizons for the Retarded,* 283 N.L.R.B. 1173 (1987).

## APPENDIX

## NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDG-MENT OF THE UNITED STATES COURT OF APPEALS ENFORC-ING AN ORDER OF THE NATION-AL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.

### FEDERAL LAW GIVES YOU
### THE RIGHT TO

Form, join or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

WE WILL NOT tell our employees that their union organizing activity and testimony under the Act was the reason for adverse actions against them.

WE WILL NOT tell our employees that discussing their concerns over terms and conditions of employment with other employees "could be hazardous to your health."

WE WILL NOT discharge our employees because they testified in a National Labor Relations Board proceeding.

WE WELL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL, within 14 days from the date of the Board's Order, offer Bryan Knapp full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed.

WE WILL make Bryan Knapp whole for any loss of earnings and other benefits suffered as a result of the discrimination against him, with interest.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any reference to the unlawful discharge of Bryan Knapp, and within 3 days thereafter, notify Bryan Knapp in writing that this has been done and that the discharge will not be used against him in any way.

---

Keller Ford, Inc.

The National Labor Relations Board is an independent Federal Agency created in 1935 to enforce the National Labor Relations Act. It conducts secret-ballot elections to determine whether employees want union representation and it investigates and remedies unfair labor practices by employers and unions. To find out more about your rights under the Act and how to file a charge or election petition, you may speak confidentially to any agent with the Board's Regional Office set forth below. You may also obtain information from the Board's website: *www.nlrb.gov.*

477 Michigan Avenue     Telephone: (313)226–3200
Room 300     Hours of Operation:
Detroit, Michigan 48226–2569     8:15 a.m.—4:45 p.m.